UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

ERIC SPENCER GEORGE,                    CASE NO. 15-18010-JKO

    Debtor
_____/

**<u>CREDITOR'S OBJECTION TO DEBTOR'S THIRD MOTION TO EXTEND TIME TO FILE REQUIRED PAPERS, MOTION TO DISMISS AND FOR SANCTIONS FOR BAD FAITH FILING OR, IN THE ALTERNATIVE MOTION FOR RELIEF FROM STAY</u>**

    Macandy, Inc. ("Macandy"), a secured creditor and party-in-interest in this proceeding, pursuant to 11 U.S.C. §1112, hereby objects to the Debtor's Third Motion to Extend Time to File Required Papers, moves to dismiss for cause the above-styled bankruptcy case of Eric Spencer George (the "Debtor") based on the fact that the Debtor filed the petition initiating this case in bad faith in order to impair Macandy's exercise of its lawful rights against a certain real property owned by the Debtor that is the subject of a pending judicial sale proceeding.  Macandy also asks this Court to impose sanctions on the Debtor and its attorney for an egregious bad faith filing of the petition in this matter.

    In the alternative, Macandy requests entry of an order granting Macandy immediate relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) to permit Macandy (i) to proceed with the judicial sale that was set for May 12, 2015 (less than two weeks after the Debtor filed the instant action), pursuant to a Final Judgment entered by the Circuit Court of Broward County, Florida, in that certain action styled *Macandy, Inc., v. Eric George,* case number 11-6228 CACE (04) and apply any proceeds of that sale, and (ii) to proceed with the exercise of any and all remedies available against any other property of the estate to collect the remaining indebtedness owed by the Debtor, if necessary.  In support of its motion, Macandy submits as exhibits a copy

of the Final Judgment, Order Setting Aside Fraudulent Transfers, and Notice of Sheriff's Sale, and states the following:

## INTRODUCTION

1. The Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G). The statutory predicates for the relief requested herein are 11 U.S.C. §§105, 1307(c), and 362(d).

2. Notice of this Motion has been given as required pursuant to Rules 2002, 4001, 7004, and 9014 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

**A.    Facts**

3. Macandy, Inc., is a Florida corporation.

4. On May 17, 2011, the Circuit Court of Broward County, Florida, entered a Final Default Judgment against Eric George for a total of $32,221.00. A copy of that Final Judgment is attached hereto as Exhibit A.

5. On February 20, 2014, that same court entered an Order Setting Aside Fraudulent Transfer. That Order set aside transfers of two parcels of real property that the Debtor has transferred from himself to Wanda Grant for no consideration. A copy of that Order is attached hereto as Exhibit B.

6. As a result of that Order and of the recording of a certified copy of the Final Judgment in the Public Records of Broward County, Florida, the Final Judgment became a lien on the two parcels of real property.

7. Macandy then undertook to have the real property seized by the Broward County Sheriff and sold. The Sheriff did so and a Notice of Sheriff's Sale was entered by the Sheriff

scheduling the sale of the real property for May 12, 2015.  A copy of the Notice of Sheriff's Sale is attached hereto as Exhibit C.

8. On April 30, 2015, less than two weeks prior to the Sheriff's sale, the Debtor filed its Petition for Relief with this Court.

9. The Debtor has no equity in the real property.  In addition to the Debtor's lien, the property is encumbered by a mortgages (originally obtained by the Debtor), currently with Ocwen Loan Servicing, which, as of Aprl 1, 2015, had a payoff of $53,004.60.

10. The Broward County Property Appraiser currently assesses this property at a value of $93,800.00.

11. The Debtor continues to use the collateral, subjecting it to depreciation and risk of loss.

12. This Creditor lacks adequate protection for its interest in the collateral.

13. Neither the Debtor nor the Trustee has any equity in the collateral, and the collateral is not essential to a successful reorganization.

14. If this Creditor is not permitted to enforce its security interest in the collateral or is not provided with adequate protection, it will suffer irreparable injury, loss, and damage.

### ARGUMENT

*The Debtor's Bankruptcy Case Was Filed in Bad Faith and*
*Is Due to be Dismissed for Cause Under 11 U.S.C. § 1307(c)*

Pursuant to 11 U.S.C. § 1307(c), a chapter 13 case may be dismissed for "cause."  11 U.S.C. § 1325(c).  The filing of a chapter 13 petition in bad faith can constitute such "cause."  *See, e.g., In re Turner*, 519 B.R. 354 (Bankr. S.D. Fla. 2014).

The dismissal section of Chapter 13, 11 U.S.C. § 1307, states that: "on request of a party in interest or the United States trustee and after notice and a hearing, the court may . . . dismiss a case under this chapter. . . . for cause . . . ." The statute then enumerates eleven specific occurrences which constitute sufficient cause for dismissal. *Id.* The list is non-exhaustive; hence the term "including" preceding the list in § 1307(c). *Id*. The two listed occurrences applicable to this case are: "unreasonable delay by the debtor that is prejudicial to creditors" and "failure to file a plan timely under section 1321 of this title." 11 U.S.C. § 1307(c)(1), (3).

The enumerated list of occurrences constituting cause in § 1307(c) is non-exhaustive. Indeed, the Eleventh Circuit has held: "as interpreted by the Supreme Court and nearly every federal court of appeals, 'for cause' in . . . 1307(c) includes bad faith or a lack of good faith." *Piazza v. Nueterra Healthcare Physical Therapy, LLC (In re Piazza),* 719 F. 3d 1253, 1263 (11th Cir. 2013).

This case should be dismissed for cause because the Debtor filed the petition in bad faith. *See In re State Street Houses, Inc.*, 356 F. 3d 1345, 1347 (11th Cir. 2004); *In re Phoenix Piccadilly,. Ltd*., 849 F .2d 1393, 1394-1395 (11th Cir. 1988). The Eleventh Circuit has enumerated several factors for bankruptcy courts to consider in determining whether a chapter 13 debtor has acted in good faith. *See In re Kitchens*, 702 F.2d 885 (11th Cir. 1983). Two of the factors listed in *Kitchens* are the motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13 and the debtor's degree of effort. *Id.,* at 888-889, citing *In re Kull,* 12 B.R. 654, 659 (S.D. Ga. 1981). The Debtor has now filed his third motion for extension of time to file his financial schedules. It has now been more than six weeks since the Debtor filed this petition. And in each of his three motions for extension of time, he has failed to give any reasonable excuse for taking so long to file his financial informaiton, other than "he has had

a hard time gathering all of the documentation necessary."

This bankruptcy petition was filed solely to delay Macandy from enforcing its rights. The timing of the Debtor's filing, which was less than two weeks prior to the Sheriff's sale, clearly evidences the Debtor's intent to frustrate the legitimate efforts of this Creditor in enforcing its rights, as granted by the Circuit Court's Final Default Judgment and Order Setting Aside Fraudulent Transfer.

In applying all of the factors set forth in the above-cited case law to this case, it is clear that the petition was filed in bad faith, thereby warranting dismissal of this case. These factors clearly demonstrate that the Debtor did not file this case with a good faith intent. Accordingly, this case is due to be dismissed "for cause" under Section 1307(c).

### *Creditor is Entitled to Relief from the Stay*

Even if the bankruptcy is not dismissed, this Creditor is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) in order to pursue and enforce its rights in the Circuit Court action, including exercising the remedies granted by the Circuit Court in its Order Setting Aside Fraudulent Transfer.

Under Section 362(d)(1), relief from the automatic stay is appropriate for "cause including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). The burden of proof on a motion to modify the automatic stay is a shifting one. Section 362(d)(1) requires an initial showing of cause by the movant, while § 362(g)(2) shifts the burden of proof to the debtor for all issues other than the debtor's equity in the property.

"Cause" for relief exists in the instant case for the following reasons:

      a. The bad faith described above constitutes "cause" for stay relief under Section 362(d)(1). *See In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir. 1988)(citing *Natural Land Corp. v. Baker Farms, Inc.*, 825 F.2d 296 (11th Cir. 1987)("An automatic stay may be terminated for 'cause' pursuant to Section 362(d)(1) of the Bankruptcy Code if a petition was filed in bad faith.").

      b. The Debtor attempted to hide his assets from this Creditor by fraudulently transferring them to Wanda Grant, a finding of fact established by the Broward County Circuit Court.

      c. The Debtor has not provided this Creditor with any protection, much less adequate protection, of the Creditor's interest in the collateral including no provision of interim payments.

In light of the foregoing, Macandy is entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(1) for cause in order to enforce its interest in the collateral.

### *Macandy is Entitled to Sanctions from Both the Debtor and its Attorney*

Rule 9011 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, as follows:

> (b) Representations to the court
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

>    (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Authorities applying Rule 11, Fed.R.Civ.P., are useful in interpreting Bankruptcy Rule 9011. *See In re Mroz*, 65 F.3d 1567, 1572 (11th Cir. 1995). Sanctions are appropriate under Rule 11 "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003) (quoting *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001)).

Although both Rule 11 and Bankruptcy Rule 9011 contain 21 day safe harbor provisions, the safe harbor provision is inapplicable here. This is because while Bankruptcy Rule 9011 is really the equivalent sanctions rule to Rule 11, there is one significant difference, to wit: the automatic stay. *In re Schaefer Salt Recovery, Inc.,* 542 F. 3d 90, 100 (3d Cir. 2008). Under the Bankruptcy Code, the filing of a petition for bankruptcy operates, with some exceptions, as a stay of the commencement or continuation of certain judicial, administrative, or other actions or proceedings against the debtor, enforcement of judgments against a debtor or the property of the estate, and other acts by creditors against debtors. 11 U.S.C. §362(a). The purpose of the automatic stay is "to afford the debtor a 'breathing spell' by halting the collection process. It enables the debtor to attempt a repayment or reorganization plan with an aim toward satisfying existing debt." *In re Siciliano*, 13 F.3d 748, 750 (3d Cir. 1994).

Congress addressed the serious consequences of the automatic stay by adding an exception to the safe harbor provision in the 1997 amendments to Bankruptcy Rule 9011 when the offending "paper" is a petition for bankruptcy, something it did not do in the amendments to Rule 11 in 1993. Fed.R.Bankr.P. 9011(c)(1)(A). Thus, the 21 day safe harbor period of Rule 9011 does not apply. *In re Schaefer Sale Recovery,* 542 F. 3d at 100. Congress explained the reason for the bankruptcy petition exception:

> The filing of a petition has immediate serious consequences, including the imposition of the automatic stay under § 362 of the Code, which may not be avoided by the subsequent withdrawal of the petition. In addition, a petition for relief under chapter 7 or chapter 11 may not be withdrawn unless the court orders dismissal of the case for cause after notice and a hearing.

Fed.R.Bankr.P. 9011 advisory committee's notes to 1997 amendments. The exception evidences a concern that a party subject to an automatic stay would be forced to choose between seeking sanctions, which would require it to wait up to twenty-one days before seeking dismissal of the petition, and the immediate filing of a motion to dismiss the bad faith petition. Without the exception, a party would be forced to abandon its request for sanctions in order to seek dismissal of the petition as quickly as possible. *In re Schaefer Sale Recovery,* 542 F. 3d at 100.

In addition to depriving this Creditor of its rights to have the fraudulently transferred property sold at a Sheriff's sale, the Debtor has now caused this Creditor to incur additional legal fees in seeking dismissal of or relief from this frivolous petition. Macandy respectfully submits that in view of the facts of this case, sanctions in the form of attorney's fees should be imposed against Debtor's counsel. *In re Mroz,* 65 F. 3d 1567 (11th Cir. 1995).

Rule 9011 provides a mechanism by which a Bankruptcy Court may sanction frivolous attorney conduct where, by signing and filing a pleading or other paper, an attorney has certified to the court that such submissions are not being presented for an improper purpose. Sanctions

8

under Bankruptcy Rule 9011 are warranted when the papers are frivolous, legally unreasonable, or without foundation and also where the papers are filed in bad faith or for improper purpose. *In re Mroz*, 65 F. 3d 1567 (11th Cir. 1994). Sanctions under Rule 11 9011 are permissible where the objectionable court paper (in this case, the Petition for Relief) is signed in violation of the rule. *Jones v. International Riding Helmets, Ltd.*, 49 F. 3d 692, 694 (11th Cir. 1995) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1507 (11th Cir. 1991)). In such circumstances, the court is obligated to impose sanctions even if the paper is signed in good faith. *Jones*, 49 F.3d at 695 (citing *McGuire Oil Co. v. Mapco, Inc.*, 958 F.2d 1552, 1563 (11th Cir. 1992)).

However, the language of the referenced rules is no substitute for the Court's inherent power to fashion an appropriate sanction. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). Thus, Bankruptcy Rule 9011 does not limit the nature of conduct as to which the Court my impose sanctions, as the inherent power of the Court extends to the full range of litigation abuses. *Id.* A court may assess attorney's fees as a proper sanction for conduct that is in bad faith, vexatious, wanton, or for oppressive reasons. *Roadway Express v. Piper*, 447 U.S. 752 (1980).

> The power of a court over members of its bar is at least as great as its authority over litigants. If a court may tax counsel fees against a party who has litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial processes.

Id. at 766.

As a result of the frivolous and unjustified actions taken by the Debtor and its attorney, the judicial resources of this Court have been wasted, simply to allow a delinquent Debtor to continue to generate rental income from his fraudulently transferred property and to frustrate the

9

Macandy in its legitimate rights to collect its judgment. This abuse of the bankruptcy privilege should not go unrewarded.

WHEREFORE, Macandy, Inc., respectfully requests that this Court enter an order dismissing this case under 11 U.S.C. §1307(c), and to award this Movant its reasonable attorney's fees incurred in the filing of this Motion, imposed against both the Debtor and its attorney. In the alternative, Macandy, Inc., requests that this Court enter an order immediately terminating the automatic stay imposed by 11 U.S.C. §362 so that it may exercise its rights and remedies granted by the Broward County Circuit Court in its Final Default Judgment and have the seized real property sold at a Sheriff's sale. Macandy, Inc., requests all further relief as deemed just and appropriate by this Court.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated: June 16, 2015                        Respectfully submitted,

/s/ Dane T Stanish

DANE T. STANISH
E-mail: stanishd@gmail.com
Fla. Bar ID No. 931993
Law Offices of Dane Stanish, P.A.
2200 Hollywood Blvd.
Hollywood, FL 33020
Telephone (954) 923-0524
Facsimile (954) 212-0770
Counsel for Macandy, Inc.

I hereby certify that on June 16, 2015, the foregoing document is being served this day on all counsel of record via the Court's CM/ECF transmission and/or by US Mail upon Mitchell J. Nowack, Esq., and Christian J. Olson, Esq., 8551 Sunrise Blvd., Suite 208, Plantation, FL 33322.

*/s/ Dane T Stanish*

--------------------------------

Dane T. Stanish